UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Todd Burgess, # 349367, | ) C/A No.  4:14-817-JFA-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Larry Cooke, Esq.; | ) |
| Bryna Seay; | ) |
| Robin B. Stilwell; | ) |
| Greenville County; | ) |
| State of South Carolina, | ) |
| Kim Verner, and | ) |
| Jonathan Horne | ) |
| | ) |
| Defendants. | ) |

_____

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Eric Todd Burgess ("Plaintiff") was convicted of assault and battery of a high and aggravated nature as a lesser included offense of the originally charged attempted murder by a Greenville County jury on January 18, 2012. He was sentenced to seven years in prison, which sentence he is currently serving at Allendale Correctional Institution. In his Complaint, Plaintiff sues his court-appointed legal counsel (Defendant Cooke) for legal malpractice/ineffective assistance of counsel, alleging that Cooke refused to file certain motions and make certain arguments that Plaintiff wanted

made in his criminal case and conspired with the Assistant Solicitor who tried the case (Seay) to convict him. He also sues the presiding judge (Stilwell), the County and State under "respondeat superior" theory, and a Greenville County Public Defender (Verner), who served as a juror in his trial, claiming that all of them violated court rules and the United States Constitution (First, Sixth, Fourteenth Amendments) in connection with the prosecution and trial of the Greenville County criminal case. He contends that Verner's jury service constituted a conflict of interest because she is a public defender by profession, that Judge Stilwell improperly allowed her to serve as a juror and made other improper rulings in the case.

Plaintiff seeks declaratory and injunctive relief and damages. He also filed a Motion for Preliminary Injunction, ECF No. 3, asking this court to order that the Defendant attorneys be "barred from practicing law . . . ." Motion 1.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially

meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[1] the Court stated:

> We hold that, in order to recover damages [or other relief][2] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[2] *See Johnson v. Freeburn*, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought); *see also Mobley v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012)(injunctive relief not available under *Heck*)(citing *Clemente v. Allen* and other cases).

> determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Until the underlying conviction or sentence has been invalidated, a prisoner "cannot use a § 1983 action to challenge 'the fact or duration of his confinement,' " but 'must seek federal habeas corpus relief (or appropriate state relief) instead.' " *Wilkinson v. Dotson*, 544 U.S. 74, 78(2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

*Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases. *Wallace v. Kato*, 549 U.S. 384 (2007). However, since this case involves an already completed criminal trial and complaints about how it was conducted, *Wallace* is inapplicable and *Heck* controls. In any event, the limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, 549 U.S. at 391-92; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey*

and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

It is not clear what, if any, steps Plaintiff has already pursued to directly or collaterally challenge his ABHAN conviction, but it is obvious that he has not yet been successful in any efforts to overturn the conviction because he is still incarcerated and serving the sentence imposed. *See* SCDC, http://public.doc.state.sc.us/scdc-public/ (Inmate locator function); *see also In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). Because Plaintiff has not been successful in having his 2012 Greenville County conviction set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations of conspiracy and improper activity by the various trial participants (judge, solicitor, defense attorney, juror) if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants based on their involvement in his prosecution and ultimate conviction. As a result, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

Moreover, even if *Heck* were not applicable, most, if not all, of Plaintiff's claims against the various Defendants would still be barred for different reasons. For example, Plaintiff's requests for damages and injunctive/declaratory relief against Defendant Judge Stilwell based on her official participation and rulings made in the subject criminal case are barred by the doctrine of absolute judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of

5

absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

Furthermore, to the extent that Plaintiff's Complaint seeks injunctive relief against Judge Stilwell, such claim is barred by 42 U.S.C. § 1984, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was

violated or declaratory relief was unavailable.

*Id.* (emphasis added). Since there is no existing declaratory decree involved and no legal basis shown for entry of any declaratory judgment requessted in this case, Plaintiff's claim for injunctive relief against this judicial officer is statutorily barred. *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31 ,2007).

Also, Plaintiff claims for damages against Defendant Seay arising from her participation as a prosecutor in the subject Greenville criminal case are barred by the doctrine of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Assistant Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, No. CIV. 93–1350–FR, 1995 WL 399619 (D. Ore. June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity).

Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Plaintiff's claims about Seay's communication with his defense counsel about a potential plea bargain, presentation to the jury of ABHAN as a lesser included offense to the original

7

attempted murder charge, and decision to allow Defendant Verner to serve on the jury all go directly to Seay's clearly prosecutorial decisions about when and how to prosecute and go forward with a criminal prosecution. As stated above, such decisions are purely prosecutorial functions and they are absolutely immune from Plaintiff's claims. *Springmen*; *Lyles*. Accordingly, Plaintiff is not entitled to recover any damages from Defendant based on her performance of these functions, and, as previously shown, any injunctive or declaratory relief against her is barred by *Heck v. Humphrey*.

Additionally, any "legal malpractice" claim against Defendant Cooke is not cognizable in this court in absence of a basis for the exercise of diversity jurisdiction in this case.[3] Furthermore, Plaintiff fails to state any federal constitutional-violation claim against either Defendants Cooke or Verner. This is true because this court cannot exercise its federal question jurisdiction to consider allegations against Plaintiff's court-appointed criminal defense counsel or against a Greenville County Public Defender serving as a juror pursuant to 42 U.S.C. § 1983. To state a plausible claim for damages and other relief under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a person acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R.

---

[3] In the absence of diversity of citizenship between the parties, such a traditionally state-law based claim as legal malpractice may not considered by this court. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992); *see also DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989)(42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law). *Cf. Mitchell v. Holler*, 311 S.C. 406, 429 S.E.2d 793 (1993)(legal malpractice case heard in state court); *Yarborough v. Rogers*, 306 S.C. 260, 411 S.E.2d 424 (1991)(same). It is clear from the face of the pleadings that there is no basis on which Plaintiff could assert that there is federal diversity jurisdiction over his Complaint because Plaintiff and all Defendants are residents of the state of South Carolina. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978)(diversity of citizenship requires that no party on one side of a case may be a citizen of the same state as any party on the other side).

Miller, *Federal Practice and Procedure* § 1230 (2002). A criminal defense attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Defendant Cooke, a court-appointed defense attorney, did not act under color of state law in connection with his legal representation of Plaintiff, nor did Defendant Verner act under color of state law during her jury service, and, as a result, Plaintiff's Complaint fails to state a viable § 1983 claim against either of these Defendants. Other than a possible, though, as stated above, non-viable claim under § 1983, no other potential basis for the exercise of federal question jurisdiction in this case is evident from the face of the pleadings.

Finally, even if *Heck v. Humphrey* did not bar the entire Complaint under review, Plaintiff's allegations also fail to state any plausible § 1983 claims against either Greenville County or the State of South Carolina, so the Complaint would still be subject to summary dismissal as to these two Defendants. Greenville County cannot be held responsible for actions taken by the General Sessions Court in that county. In South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *See* Act No. 58, 1973 S.C. Acts 161; *see also* S.C. Const. Art.V, § 1; *State ex rel. McLeod v. Civil and*

*Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975)[4]. Under the current version of Article V, Section 1, the Supreme Court of South Carolina, not Greenville County, retains the *sole* authority to supervise state courts in Greenville. *See Spartanburg County Dept. of Soc. Servs. v. Padgett*, 370 S.E.2d 872, 875-76 & n. 1 (S.C. 1988). By virtue of Article V, Greenville County does not exercise administrative or supervisory authority any courts of the State of South Carolina located within the geographical boundaries of Greenville County. Consequently, no plausible § 1983 claim is stated against Greenville County based on the way Plaintiff's criminal case was conducted under a supervisory liability theory or any other theory.

Insofar as Defendant State of South Carolina is concerned, any § 1983 claim sought to be raised against it by Plaintiff is barred by the Eleventh Amendment to the United States Constitution. the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. SCDC, as a South Carolina state agency, is an integral part of the state and, thus, entitled to Eleventh Amendment immunity in this case. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. South*

---

[4] County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. *See State ex rel. McLeod*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

*Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983). The state of South Carolina has not consented to suit in federal court and, accordingly, no plausible federal claim is stated against it. *See* S.C. Code Ann. §15-78-20(e) (providing that South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a South Carolina state court, and does not consent to suit in a federal court or in a court of another state).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Also, because no plausible claim for relief is shown, the Motion for Preliminary Injunction should be denied. ECF No. 3. Additionally, it is recommended that Plaintiff's "motion to respectfully waive and deny immunity" be denied as being without merit. ECF No. 12.

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 1, 2014
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).