UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eric Todd Burgess, | ) | C/A No. 4:14-817-JFA-TER |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Larry Cooke, Esq.; Bryna Seay; Robin B. Stilwell; Greenville County; State of South Carolina; Kim Verner; and Jonathan Horne, | ) ) ) ) | |
| Defendants. | ) ) | |

The *pro se* plaintiff, Eric Todd Burgess, is an inmate at the Allendale Correctional Institution. He brings this action under 42 U.S.C. § 1983 alleging various claims of legal malpractice, ineffective assistance of counsel, conspiracy, and violations of civil rights in relation to his state court criminal conviction and sentence. He seeks declaratory and injunctive relief as well as compensatory damages of $5 million.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the complaint should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on May 1, 2014. The plaintiff filed a pleading with a copy of two state court criminal documents that he submits as "proof and admittion [sic] of the illegal sentence imposed" by the defendants. The plaintiff does not specifically object to the Report and Recommendation. Rather, he restates claims raised in his original complaint and he requests that his state sentence be vacated. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge opines that under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiff's claim for damages is barred where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. The plaintiff has not demonstrated that his institutional conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ has been issued. Thus, plaintiff's § 1983 due process claim is barred by the holdings of *Heck.*

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference.

Accordingly, this action is dismissed without prejudice. Plaintiff's motion for a preliminary injunction (ECF No. 3) and motion to waive and deny immunity (ECF No. 12) are denied as being without merit.

IT IS SO ORDERED.

September 18, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge